

**IT IS ORDERED as set forth below:**

**Date: March 1, 2019**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **16-69706-PMB** |
| **TAWAKALIT TAYLOR**, | : | |
| | : | CHAPTER 7 |
| Debtor. | : | |
| | : | |
| **NEIL C. GORDON**, as Chapter 7 Trustee for the estate of Tawakalit Taylor, | : | |
| | : | |
| Plaintiff, | : | |
| | : | ADVERSARY PROCEEDING |
| v. | : | |
| | : | NO. **18-5280** |
| **OYINADE SHENBANJO a.k.a MATTHEW SHENBANJO**, | : | |
| | : | |
| Defendant. | : | |

### ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, SETTING ASIDE DEFAULT, AND PERMITTING PLAINTIFF TO REPLEAD

This matter is before the Court on the *Motion for Default Judgment* filed by the Plaintiff-Chapter 7 Trustee (the "Trustee") on January 10, 2019 (Docket No. 6)(the "Motion").

In the Motion, the Trustee seeks entry of a default judgment against Defendant Oyinade Shenbanjo a.k.a. Matthew Shenbanjo (the "Defendant") pursuant to Rule 55 of the Federal Rules of Civil Procedure as incorporated herein through Rule 7055 of the Federal Rules of Bankruptcy Procedure.[1]

The Debtor named above (the "Debtor") filed this bankruptcy case under Chapter 7 of Title 11, United States Code, on November 1, 2016. Thereafter, the Trustee[2] commenced this Adversary Proceeding by filing a four-count *Complaint* against the Defendant on November 1, 2018 (the "Complaint"). The Complaint relates to the certain loan obligations incurred by the Debtor for the education of the Defendant (the "Incurred Obligations")(Complaint ¶ 23); in particular, certain Federal Direct Parent PLUS Loans[3] (the "Parent PLUS Loans").

The Defendant is the Debtor's son and an insider as defined in 11 U.S.C. § 101(31)(A)(i). The Defendant was a student at Harvard University ("Harvard") from August 2, 2011 through his graduation. According to the Complaint, the Defendant's tuition was funded mostly through the Parent PLUS Loans applied for and "signed by the Debtor and paid to Harvard while she was insolvent." *See* Complaint ¶ 18. Proceeds from the Parent PLUS Loans (the "Parent PLUS Loan Proceeds") were allegedly either paid to Harvard (Complaint ¶ 18) or credited to the

---

[1] This matter constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H), and (O). This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157.

[2] The Trustee became the permanent Chapter 7 Trustee following the conclusion of the Section 341 Meeting held on August 17, 2017, which the Trustee states had been continued numerous times to allow for the production of documents or the appearance of the Debtor.

[3] The Federal Direct PLUS Loan Program is governed by the Higher Education Act of 1965 (20 U.S.C. §§ 1001 *et seq.*) and related regulations (34 C.F.R. §§ 685.100 *et seq.*), and allows a parent to borrow funds to pay for a child's college expenses. Under this Program, the United States Department of Education releases funds directly to an eligible institution of higher learning. 20 U.S.C. § 1087b. *See also Roumeliotis v. Johnson & Wales Univ. (In re DeMauro)*, 586 B.R. 379, 385 (Bankr. D. Conn. 2018).

2

Defendant's student account at Harvard for payment of his college tuition (Complaint ¶ 22). The Incurred Obligations based on Parent PLUS Loans are asserted to total $75,401.00 (Complaint ¶ 23). The Trustee further alleges that the Debtor received less than reasonably equivalent value in exchange for the Incurred Obligations,[4] and that he has made written demand for their reimbursement from the Defendant (Complaint ¶¶ 24, 25).[5] The Trustee notes that the Debtor did not schedule the Incurred Obligations in her Chapter 7 case (Complaint ¶ 30). The Debtor has filed three (3) prior bankruptcy cases, which the Trustee alleges were caused by the Debtor's incurrence of the Incurred Obligations. *See* Complaint ¶¶ 12-14, and 34.[6]

In the Complaint, the Trustee seeks a variety of relief. In Count I, the Trustee seeks to avoid the Incurred Obligations as fraudulently incurred obligations "pursuant to 11 U.S.C. Sections 548(a)(1)(B)(ii)(I) and (III)."[7] Count II is styled as an alternative basis of relief, presumably to Count I. In Count II, the Trustee seeks to avoid the "Transfers" under 11 U.S.C.

---

[4] There is substantial disagreement in the case law and commentary regarding whether a parent receives "reasonably equivalent value" when they provide funding for the college education of a child. *See Geltzer v. Oberlin College (In re Sterman)*, 594 B.R. 229, 235 (Bankr. S.D.N.Y. 2018)(citing cases); *see generally* Jenna C. McDonald, *Out of Reach: Protecting Parental Contributions to Higher Education from Clawback in Bankruptcy*, 34 Emory Bankr. Dev. J. 243, 248-261 (2017)(discussing cases). Because of the multitude of other deficiencies in this Complaint, the Court need not address that issue here.

[5] Harvard University, the recipient of the Parent PLUS Loan Proceeds, is not named as a defendant herein.

[6] The Debtor did file the other cases that the Trustee references. More specifically, the Debtor filed Chapter 7 Case No. 14-50379-JRS on January 6, 2014 and received a discharge on June 3, 2014. The Debtor filed Chapter 13 Case No. 14-60960-JRS, also on June 3, 2014. That case was dismissed without confirmation of a plan on September 23, 2014. The Debtor later filed Chapter 13 Case No. 16-61749-PMB on July 5, 2016. That case was dismissed on September 12, 2016 without a plan having been confirmed. The Trustee fails, however, to explain how these loans caused the Debtor's financial demise. He makes no allegation that any payments were ever made by Debtor on these Parent PLUS Loans, nor does he allege that their mere existence prevented the Debtor from obtaining other credit. In the absence of any such explanation or allegation, it is not clear how the incurrence of these obligations alone could have had any material effect on the Debtor's financial circumstances, much less have caused the filing of her bankruptcy cases.

[7] Presumably the Trustee means Section 548(a)(1)(B), as the cited subparts of that subsection address some of the possible ways the Debtor might be insolvent or nearly so, but provide no relief on their own.

§ 548(a)(1)(B). It is not clear from the way that term is defined in the Complaint precisely what the Trustee means by the term "Transfers". Based on the way it is defined in Paragraph 23 of the Complaint,[8] it might be reasonable to assume that the Trustee means payments on the Incurred Obligations that were made by the Debtor. However, the definition refers to Exhibit "A" to the Complaint for further detail, and Exhibit "A" only outlines the various advances of the proceeds of the Incurred Obligations; it does not appear to identify any payments on those obligations. Consequently, it might be reasonable to assume instead that when the Trustee says "Transfers", he means the Parent PLUS Loan Proceeds (since that is what is identified on Exhibit "A").[9] Whatever it is that the "Transfers" are supposed to be, that is what the Trustee seeks to avoid in Count II. In Count III, the Trustee seeks a finding that the Defendant is liable for the amount of the Incurred Obligations and the value of the avoided "Transfers" under 11 U.S.C. § 550(a)(1). Finally, in Count IV, the Trustee seeks to preserve the avoided "Transfers" for the benefit of this bankruptcy estate under 11 U.S.C. § 551.

The Trustee filed a certificate of service showing service of the Complaint and a summons upon the Defendant on November 5, 2018. (*See* Docket No. 3). Since the Defendant had not answered or otherwise responded to the Complaint, the Trustee filed a Request for Clerk's Entry of Default on December 14, 2018 (Docket No. 5). The Clerk entered a default against the Defendant on December 17, 2018 (the "Default"). On January 28, 2019, the Defendant filed a pleading entitled *Answer: Defendant's Motion for Relief from Judgment*

---

[8] The full sentence from the Complaint reads as follows: "An analysis of the Incurred Obligations and payments thereon (the "Transfers") is attached hereto, as Exhibit "A," and incorporated herein by reference."

[9] To the extent that the dates on Exhibit "A" are the dates of the "Transfers" related to the Parent PLUS Loan Proceeds, three (3) of them, totaling $27,937, were made outside of the applicable two (2) year period from the petition date, precluding a default judgment on that amount.

*Pursuant to Rule 60(b)(1)* (Docket No. 7)(the "Answer").  In the Answer, the Defendant denies substantially all the allegations in the Complaint, denies the Trustee is entitled to relief against him, and seeks to "set aside the judgment entered against him on December 17, 2018" (presumably the Default) under Rule 60 of the Federal Rules of Civil Procedure.  In the Answer, he also asserts that when he first saw the Complaint, he mistakenly believed the matter related solely to the Debtor and sent it to her lawyer.  Because the Court finds that the Complaint does not state a claim to relief that is plausible on its face so as to permit the Court to grant the Motion, the Court has not considered the substance of the Answer in connection with its analysis of the Motion.

*Standard of Review*

The entry of a default judgment under Fed.R.Bankr.P. 7055 is discretionary, and a defendant's default does not mean there is a basis for entry of a judgment.  Rather, a "sufficient basis in the pleadings" must be shown and only the "well-pled allegations of fact" can support a default judgment since a default "does not admit conclusions of law."  *In re Bohanon*, 2017 WL 2634980, *1 (Bankr. N.D. Ga. June 19, 2017), quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).  As explained by the United States Supreme Court, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Discussion*

As outlined below, the Complaint does not contain sufficient grounds for granting the relief requested on the legal theories asserted.

**Count I**

The Trustee has not named the correct defendant to avoid the Incurred Obligations. To avoid the Incurred Obligations created by the Parent PLUS Loans, the Trustee would need to name the obligee on the Parent PLUS Loans; presumably the United States Department of Education or some subsequent transferee of the Parent PLUS Loans. Here, the only named Defendant is the student whose tuition was paid by the Parent PLUS Loan Proceeds. Because the proper party is not named, judgment cannot be entered avoiding the Incurred Obligations.

**Count II**

As noted above, the Trustee does not clearly identify the "Transfers" he seeks to avoid. Based on the way they are defined, they could be either (i) payments made by the Debtor on the Incurred Obligations, or (ii) the Parent PLUS Loan Proceeds themselves. If the Trustee means the former, so long as the Incurred Obligations have not themselves been avoided, payments on those obligations were payments on an outstanding obligation of the Debtor, would thus be for reasonably equivalent value (the reduction of the debt of the Debtor),[10] and would therefore not be avoidable as fraudulent transfers. In addition, the Trustee has not identified any payments made by the Debtor on the Parent PLUS Loans, and such failure also prevents the Court from granting judgment in his favor if "Transfers" means such payments.

---

[10] *See* Section 548(d)(2)(A)(defining "value" as, in relevant part, "satisfaction . . . of a present or antecedent debt of the debtor..."). Clearly under this definition of "value" a dollar for dollar reduction in a valid debt of a debtor would be for "reasonably equivalent value".

To the extent that "Transfers" instead means the Parent PLUS Loan Proceeds, a reading that is consistent with the way the Trustee defined that same term in the Motion,[11] the allegations in the Complaint (and the structure of the Parent PLUS Loan program itself)[12] clearly demonstrate that the Debtor did not have an interest in the PLUS Loan Proceeds as required under 11 U.S.C. § 548(a)(1). As discussed in *Eisenberg v. Pennsylvania State Univ. (In re Lewis)*, 574 B.R. 536, 538-540 (Bankr. E.D. Pa. 2017), the structure of the Parent PLUS Loan Program as set forth in applicable federal law and associated regulations[13] prevents the loan proceeds from passing unrestricted through the hands of a parent borrower or being used to pay her debts. *See also Novak v. University of Miami (In re Demitrus)*, 586 B.R. 88, 91-95 (Bankr. D. Conn. 2018) (following *Lewis* and noting consensus forming that PLUS loans may not be avoided as fraudulent transfers where debtor never exercised dominion over proceeds); *Roumeliotis v. Johnson & Wales Univ. (In re DeMauro)*, 586 B.R. 379, 385-388 (Bankr. D. Conn. 2018).

Here, the Incurred Obligations and resulting Parent PLUS Loan Proceeds were created only after the loan applications were approved for the specific purpose of paying designated

---

[11] The Trustee defines "Transfers" differently in the Motion than he does in the Complaint. In Paragraph 19 of the Motion, the Trustee defines "Transfers" as the Incurred Obligations paid to Harvard, or the Parent PLUS Loan Proceeds as defined herein. As noted above, the definition of "Transfers" in Paragraph 23 of the Complaint could be read to refer to payments on the Incurred Obligations, or the Parent PLUS Loan Proceeds. In addition, the Trustee seeks recovery in the Motion under 11 U.S.C. § 542 that he did not seek (or even reference) in the Complaint. As to all the inconsistencies between the Complaint and the Motion, the Trustee cannot actually seek different relief in his Motion than he did in the Complaint. *Farberware, Inc. v. Groben*, 1995 U.S.Dist. LEXIS 15409, *30 (S.D.N.Y. Sept. 15, 1999). Thus, this Order treats the Motion as if it simply requests judgment on the allegations in the Complaint based on the Default.

[12] As acknowledged by the Trustee in the Complaint (¶ 18), all loan proceeds under this program "must be disbursed by either electronic transfers of funds from the lender to the eligible institution or a check co-payable to the eligible institution and the graduate or professional student or parent borrower." *See* 20 U.S.C. § 1078-2(c)).

[13] The Parent Plus Loan Program is described similarly by the Trustee in the Complaint. *See* Complaint, ¶¶ 18-22.

7

educational expenses. The Trustee specifically alleges in the Complaint that the Parent PLUS Loan Proceeds were disbursed to Harvard through the Defendant's student account. There is no allegation that the Debtor ever possessed or held these funds before they were paid to Harvard. Rather, the Parent PLUS Loan Proceeds obtained by the Debtor were used for the only purposes for which they legally could have been used—to pay for tuition and other qualifying educational expenses incurred by the Defendant while attending Harvard.

In sum, the allegations in Count II do not adequately plead that the Parent PLUS Loan Proceeds were property of the Debtor, that they were in her possession or control, or that they were available to satisfy her debts. The disbursement of the Parent PLUS Loan Proceeds to Harvard could not and did not diminish the Debtor's estate, and avoidance of Parent PLUS Loan Proceeds as constructively fraudulent is not warranted under these facts or applicable law. *See Lewis, supra*, 574 B.R. at 540; *Demitrus, supra*, 586 B.R. at 93-95; *DeMauro, supra*, 586 B.R. at 387-88.

**Count III**

Because no Incurred Obligations were avoided under Count I, and no Transfers were avoided under Count II, there can be no recovery under Count III. Further, even if the Trustee had been successful in Count I in avoiding the Incurred Obligations, avoidance would only render the Parent PLUS Loans unenforceable against the estate. Avoidance would not create an asset to be returned to the estate because there is no remedy or mechanism under either 11 U.S.C.

§ 548 or 11 U.S.C. § 550 to "recover" an avoided obligation.  *See Lewis*, *supra*, 574 B.R. at 540 n. 15.[14]  Consequently, no relief can be granted under Count III.

**Count IV**

Relief cannot be granted on Count IV because no "Transfers" can be avoided under the Complaint as pled, such that there is nothing to preserve under 11 U.S.C. § 551.

In sum, the Complaint does not contain sufficient grounds to avoid the Incurred Obligations or any "Transfers" (however defined).  Because the Defendant has now belatedly answered, this matter should be decided on its merits.  Consequently, the request in the Answer to "set aside the judgment" will be construed as a motion to set aside the Default.

Accordingly, based on the foregoing discussion, it is

**ORDERED** that the Trustee's Motion be, and the same hereby is, **DENIED**.  And, it is further

**ORDERED** that the deemed motion to set aside the Default is **GRANTED**, and the Default is **SET ASIDE**; and, it is further

**ORDERED** that the Trustee shall have twenty-eight (28) days from the entry of this Order to amend his Complaint to state a plausible claim for relief;[15] and, it is further

---

[14] *See also* 5 *Collier on Bankruptcy* ¶ 548.03[4][a], at 548-52 (Richard Levin & Henry J. Sommer eds., 16th ed. 2018) (explaining the reason for and effect of the avoidance of an obligation).  This view of the remedies available regarding the avoidance of an obligation is further supported by the difference between 11 U.S.C. § 548 and 11 U.S.C. § 550.  Section 548 provides for the avoidance of both transfers and obligations; Section 550, by contrast, only provides for the recovery of avoided transfers or their value.

[15] The authorization by this Order of the filing of an amended complaint by the Trustee does not preclude the Defendant or any additional defendants included in an amended complaint from asserting that any amended complaint filed pursuant to this Order does not, in whole or in part, relate back to the filing of the original Complaint under Federal Rule of Bankruptcy Procedure 7015.

**ORDERED** that should the Trustee fail to amend the Complaint timely, this Court, having determined that the Complaint as pled does not state a plausible claim for relief, may dismiss this Adversary Proceeding without further notice or a hearing.

The Clerk is directed to serve a copy of this Order on counsel for the Plaintiff-Trustee, the Defendant, the Debtor, and the United States Trustee.

**[END OF DOCUMENT]**